**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

NEWTON RAPPLEAN, *et al.*,          )
                                    )
          Plaintiffs,               )
                                    )
     vs.                            )     Case No. 4:26-cv-00650-MTS
                                    )
NATIONWIDE MUTUAL INSURANCE         )
COMPANY,                            )
                                    )
          Defendant.                )

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file.  The Court notes that Defendant's Notice of Removal, Doc. [1], has failed to establish this Court's subject matter jurisdiction.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). Defendant was required to establish that the parties were diverse "both when the plaintiff initiate[d] the action in state court and when the defendant file[d] the notice of removal in federal court." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *accord Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (finding removal defective because defendant's notice failed to specify party's citizenship "when the suit was commenced"). This requirement is not new.  *See Phoenix Ins. Co. v. Pechner*, 95 U.S. 183, 186 (1877) (finding removal improper where defendant alleged plaintiff's citizenship as of the date of removal without "stating affirmatively that such was his citizenship when the suit was commenced").

But here, Defendant provided no allegations establishing the indispensable requirement of the parties' diversity of citizenship at the time of this action's filing in state court.  If Defendant can establish this Court's subject matter jurisdiction, Defendant must file an Amended Notice of

Removal that addresses this jurisdictional defect.  *See City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013) (discussing the circumstances under which a party may amend a notice of removal).  Failure to do so will result in remand.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Further, 28 U.S.C. § 1446(a) requires a removing defendant to file, together with its Notice of Removal, "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  To comply with this requirement, Defendant has attached Exhibits A and B to its Notice of Removal.  Docs. [1-1] and [1-2].  However, many of the state-court documents contained in those Exhibits bear a watermark denoting that they are "Not an Official Court Document."  *See, e.g.*, Doc. [1-2] at 2.  Therefore, to ensure a clear record as well as complete compliance with the requirements of 28 U.S.C. § 1446(a), the Court will require Defendant to attach to its Amended Notice of Removal an official copy of Plaintiff's Petition and the attachment thereto.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant must file an Amended Notice of Removal no later than **May 08, 2026**, that establishes this Court's subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Defendant shall attach to its Amended Notice of Removal an official copy of Plaintiff's Petition and the attachment thereto.

Dated this 1st day of May 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE